IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PAMELA ALLEN, Next friend for A.A., \*

    Plaintiff, \*

vs. \* CASE NO. 3:09-CV-66 (CDL)

ELBERT COUNTY; DEPUTY S. SCHULTZ, Individually; and DFC BRANDON DYE, Individually, \*

    Defendants. \*

O R D E R

    Plaintiff Pamela Allen alleges that Defendants Elbert County and Deputies Scott Schultz and Brandon Dye, in their individual capacities, violated her minor son's ("A.A.") Fourth Amendment rights when Deputies Schultz and Dye arrested A.A. for simple battery and disruption of a public school. Deputies Schultz and Dye arrested A.A. at his elementary school for allegedly getting into a fight with another student and hitting a teacher. Plaintiff contends that Deputies Schultz and Dye lacked probable cause to arrest her son. In addition to asserting a federal law claim, Plaintiff also asserts various state law claims arising from the arrest. Defendants filed this presently pending Motion for Summary Judgment (Doc. 14) as to all of Plaintiff's claims. For the following reasons, Defendants' motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

The facts, construed in Plaintiff's favor, establish the following.

**I.   The Altercation**

On May 22, 2008, eleven-year-old A.A., a student at Dove's Creek Elementary School in Elbert County, Georgia, got into an altercation with a fellow student just after classes ended for the day. The other student called A.A. a racially derogatory name and pushed him; A.A. pushed the other student back. (A.A. Dep. 8:20-21, 28:25-29:4,

2

Nov. 7, 2009.) The altercation, which occurred in a hallway full of students and teachers (*id.* at 30:6-31:6), caused a disruption at the school (*id.* at 106:5-7). Several of the teachers attempted to stop the altercation. (*Id.* at 32:6-7.) They restrained A.A., but they did not physically restrain the other student. (*Id.* at 29:5-9.) A.A. screamed at one teacher, Joanna McIntosh, as she tried to calm him down. (*Id.* at 38:7-8.) The teachers and another student were holding A.A. against the wall, and A.A. resisted because they were hurting him. (*Id.* at 32:6-17, 39:22-24.) As A.A. struggled to get free, the teachers unsuccessfully attempted to put him in a classroom. (*Id.* at 43:20-44:11.) Once A.A. was finally restrained and calmed down, Connie Spivey, the school principal, walked A.A. to her office. (*Id.* at 29:12-15.) Defendant Deputy Brandon Dye, a school resource officer employed with the Elbert County Sheriff's Office, was already in the principal's office. (*Id.* at 82:1-17.)

Meanwhile, a school secretary called Defendant Deputy Scott Schultz, another school resource officer, and told him to come to the elementary school because A.A. was acting up. (Schultz Dep. 17:13-18:5, Nov. 7, 2009.) Deputy Schultz had dealt with A.A. on a few occasions before the May 22, 2008 altercation (*id.* at 16:15-21), and he had warned A.A. about what would happen if his disruptive behavior continued (A.A. Dep. 20:12-22:18). Deputy Schultz entered through the fifth-grade-hall door, and although at that point there were no

3

students in the hallway and the disturbance was over (Schultz Dep. 19:8-25), Deputy Schultz encountered four teachers (*id.* at 20:5-9). One of the teachers, Karen Bell, was crying and told Deputy Schultz that A.A. had pushed her up against the wall and hurt her arm when A.A. was struggling to free himself from her grasp. (*Id.* at 19:12-18, 54:24-55:2; *see* Defs.' Ex. 6 to A.A. Dep., Photograph of Karen Bell.) Ms. Bell told Deputy Schultz that she wanted to press charges against A.A. (Schultz Dep. 23:2-11.) All of the teachers present during the altercation told Deputy Schultz that they would write statements, which they later did. (*Id.* at 20:23-24; *see* Ex. A to Defs.' Mot. for Summ. J., Redacted Certified Records from Elbert County School District.) A.A. contends that he did not intend to hit or injure anyone (A.A. Dep. 37:14-15), but he acknowledges that somebody could have gotten hit when he was flailing his arms around during the altercation (*id.* at 37:18-21).

**II.   The Arrest**

Deputy Schultz proceeded from the hallway to the principal's office, where he found Deputy Dye and Ms. Spivey with A.A. (Schultz Dep. 21:12-21.) Ms. Spivey told Deputy Schultz that she was not sure what happened, but that A.A. was involved in an altercation in the hallway. (*Id.* at 22:8-17.) Deputy Schultz informed Ms. Spivey that he was going to charge A.A. (*Id.* at 22:18-23.) Deputy Schultz pulled A.A. up from his seat by his book bag, causing temporary pain

4

in his shoulders. Deputy Schultz then placed A.A.'s hands behind his back and cuffed him. (A.A. Dep. 29:16-23.) Deputy Dye transported A.A. to the School Resource room at the Sheriff's Office, where A.A. was charged with simple battery (O.C.G.A. § 16-5-23(a)) and disruption of a pubic school (O.C.G.A. § 20-2-1181). (Defs.' Ex. 1 to A.A.'s Dep., Juvenile Ct. Compl., May 22, 2008.)

A.A. claimed that, as a result of Deputy Schultz pulling him up and cuffing him, his shoulders hurt and he had superficial arm and back injuries. (A.A. Dep. 29:16-23, 67:19-69:15.) Plaintiff has not produced any photographs of his injuries, and A.A. never went for medical treatment for any of his wounds. (*Id.* at 72:21-25; Pl.'s Dep. 49:18-19, Nov. 7, 2009.)

**III. Plaintiff's Claims**

Plaintiff brings a federal law claim of false arrest pursuant to 42 U.S.C. § 1983 ("§ 1983"), as well as a claim for attorney's fees pursuant to 42 U.S.C. § 1988, against all Defendants. (Compl. ¶¶ 30-36.) Plaintiff also brings state law claims of intentional infliction of emotional distress (*id.* ¶¶ 39-44), battery (*id.* ¶¶ 45-47), and civil conspiracy (*id.* ¶¶ 48-51). In addition, Plaintiff seeks punitive damages under state and federal law. (*Id.* ¶¶ 37-38.)

DISCUSSION

**I.   Section 1983 False Arrest Claims**

Plaintiff brings § 1983 claims against Elbert County and Deputies Schultz and Dye, in their individual capacities, arising from A.A.'s alleged false arrest. Deputies Schultz and Dye seek summary judgment based upon qualified immunity. Elbert County contends it is entitled to summary judgment because A.A.'s constitutional rights were not violated, and, even if a violation occurred, the County is not legally responsible for the alleged violation. For the following reasons, the Court finds that Defendants are entitled to summary judgment.

<u>A.   Deputies Schultz and Dye in their Individual Capacities</u>

Deputies Schultz and Dye, in their individual capacities, assert qualified immunity as a complete defense to Plaintiff's § 1983 false arrest claim. Qualified immunity shields public officers acting within the scope of their discretionary authority from liability so long as their acts do not violate clearly established law. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee*

*v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (citation and internal quotation marks omitted).

To receive qualified immunity, an officer must preliminarily show that "he was acting within the scope of his discretionary authority" when the allegedly wrongful acts occurred. *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir. 2009). Here, Plaintiff does not dispute that Deputies Schultz and Dye were acting within their discretionary authority during the events giving rise to this action. (Pl.'s Br. in Resp. to Defs.' Mot. for Summ. J. 6 [hereinafter Pl.'s Resp.] (acknowledging that "defendants Schultz and Dye acted within their discretionary authority when defendants arrested AA").) *See, e.g., Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004) (concluding that defendant officer was involved in discretionary function when he arrested plaintiff because "making an arrest is within the official responsibilities of a sheriff's deputy"). Therefore, the burden shifts to Plaintiff to show that the conduct of Deputies Schultz and Dye violated A.A.'s Fourth Amendment rights, which were well established at the time of the alleged conduct. *Case*, 555 F.3d at 1325.

In this case, Plaintiff asserts a § 1983 false arrest claim against Deputies Schultz and Dye. An arrest without probable cause would violate A.A.'s Fourth Amendment right to be free from an unreasonable search and seizure. *See Redd v. City of Enterprise*, 140

7

F.3d 1378, 1382 (11th Cir. 1998) ("It is clearly established that an arrest made without probable cause violates the Fourth Amendment."). "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003) (internal quotation marks omitted).

For purposes of determining whether Deputies Schultz and Dye are entitled to qualified immunity, the issue is whether they had *arguable* probable cause to arrest A.A.  "[A]ll that is required for qualified immunity to be applicable to an arresting officer is *arguable* probable cause to believe that a person is committing a particular public offense[.]" *Scarbrough v. Myles*, 245 F.3d 1299, 1302 (11th Cir. 2001) (per curiam) (internal quotation marks omitted).  Arguable probable cause exists "where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[s] could have believed that probable cause existed to arrest."  *Lee*, 284 F.3d at 1195 (internal quotation marks omitted). "This standard recognizes that law enforcement officers may make reasonable but mistaken judgments regarding probable cause but does not shield officers who *unreasonably* conclude that probable cause exists."  *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1137 (11th Cir. 2007).  Whether an arresting officer possesses probable cause

8

(or arguable probable cause) "depends on the elements of the alleged crime and the operative fact pattern."  *Id.* at 1137-38 (citation omitted).  Here, A.A. was arrested for simple battery under O.C.G.A. § 16-5-23(a) and disruption of a public school under O.C.G.A. § 20-2-1181.  The Court finds that Deputies Schultz and Dye had arguable probable cause to arrest A.A. for both offenses.

Under O.C.G.A. § 16-5-23(a), a person commits simple battery "when he or she either: (1) Intentionally makes physical contact of an insulting or provoking nature with the person of another; or (2) Intentionally causes physical harm to another."  Here, although A.A. contends that he did not intend to hit a teacher, Ms. Bell told Deputy Schultz that A.A. pushed her up against the wall and hurt her arm, and she showed Deputy Schultz an injury on her arm which she stated A.A. had caused.  (Schultz Dep. 19:12-18.)  The Court finds that Deputies Schultz and Dye had arguable probable cause to arrest A.A. for simple battery.  *See, e.g., Meja v. State*, 232 Ga. App. 548, 549, 502 S.E.2d 484, 486 (1998) ("For simple battery, mere pain is sufficient to show physical harm.").

Under O.C.G.A. § 20-2-1181, "[i]t shall be unlawful for any person to disrupt or interfere with the operation of any public school, public school bus, or public school bus stop as designated by local school boards of education."  Here, Deputies Schultz and Dye had information that A.A. engaged in a fight in a hallway full of

students, just after school, causing a serious disruption of school activities. (A.A. Dep. 30:6-31:6, 106:5-7.)  The Court finds that Deputies Schultz and Dye had arguable probable cause to arrest A.A. for disruption of a public school. *See, e.g., Pitts v. State*, 260 Ga. App. 274, 275, 581 S.E.2d 306, 307-08 (2003) (finding evidence that defendant engaged in fist fight outside front entrance of school, before classes began, that drew a large crowd of spectators, sufficient to support conviction for disruption of public school under O.C.G.A. § 20-2-1181).

Plaintiff contends that Deputies Schultz and Dye "did not investigate the case before they arrested AA," and thus, the investigation was "constitutional[ly] deficient." (Pl.'s Resp. 6.) The Court disagrees.  Not only did Deputies Schultz and Dye objectively investigate the altercation in this case, but there was no evidence disputing the facts establishing probable cause to arrest A.A. for simple battery and disruption of a public school. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1229 (11th Cir. 2004) (noting that an officer "must investigate objectively and consider all information available to [him or her] at the time," and "may not choose to ignore information that has been offered to him or her"). Accordingly, the Court finds that Deputies Schultz and Dye did not violate A.A.'s constitutional rights, and thus, Deputies Schultz and

Dye are entitled to qualified immunity as to Plaintiff's § 1983 false arrest claim.

B.  Elbert County

Plaintiff also asserts a § 1983 claim against Elbert County arising from A.A.'s arrest.  A county is liable when the county's "official policy" causes a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  To prevail against Elbert County, Plaintiff must establish that A.A. suffered a constitutional deprivation pursuant to "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc); *see Martinez v. City of Opa-Locka, Fla.*, 971 F.2d 708, 713 (11th Cir. 1992) (per curiam) (similar).

Plaintiff has produced no evidence from which a reasonable factfinder could conclude that the County's policy or practice caused any constitutional violation in this case, and Plaintiff now concedes that the § 1983 claim against Elbert County fails as a matter of law. (Pl.'s Resp. 11.)  Elbert County is entitled to summary judgment as to Plaintiff's § 1983 claim.[1]

---

[1] Because Plaintiff's § 1983 false arrest claim fails as a matter of law, Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988 also fails as a matter of law. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (stating that no recovery exists under 42 U.S.C. § 1988 where defendant prevails either because of immunity or on the merits).

11

**II.   State Law Claims**

Plaintiff brings several state law claims against Elbert County and Deputies Schultz and Dye, in their individual capacities. For the following reasons, Defendants are entitled to summary judgment as to all of Plaintiff's state law claims.

<u>A.   Deputies Schultz and Dye in their Individual Capacities</u>

The Court finds that Deputies Schultz and Dye, in their individual capacities, are entitled to summary judgment as to all of Plaintiff's state law claims because they are entitled to official immunity. "[S]tate officers and employees and those of its departments and agencies are subject to suit only when they negligently perform or fail to perform their 'ministerial functions' or when they act with actual malice or intent to cause injury in the performance of their 'official functions.'" *Gilbert v. Richardson*, 264 Ga. 744, 752-53, 452 S.E.2d 476, 483 (1994) (quoting Ga. Const. art. I, § II, ¶ IX(d)).

"Generally, a ministerial act is one that 'is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty.'" *Meagher v. Quick*, 264 Ga. App. 639, 642, 594 S.E.2d 182, 185 (2003) (quoting *Stone v. Taylor*, 233 Ga. App. 886, 888, 506 S.E.2d 161, 163 (1998)). On the other hand, a discretionary task is one which "calls for the exercise of personal deliberation and judgment, which in turn entails

examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Stone*, 233 Ga. App. at 888, 506 S.E.2d at 163 (internal quotation marks omitted).

Deputies Schultz and Dye clearly engaged in a discretionary function when they arrested A.A. Therefore, unless Plaintiff can show that the officers acted with actual malice, Deputies Schultz and Dye are immune from liability. In the context of official immunity, "'actual malice' requires a deliberate intention to do wrong." *Merrow v. Hawkins*, 266 Ga. 390, 391, 467 S.E.2d 336, 337 (1996). Plaintiff has failed to point the Court to any evidence from which a reasonable factfinder could conclude that Deputies Schultz and Dye acted with actual malice. Therefore, the Court finds that Deputies Schultz and Dye, in their individual capacities, are entitled to summary judgment as to Plaintiff's state law claims.

B.  Elbert County

The Court finds that Elbert County is entitled to summary judgment as to Plaintiff's state law claims. Plaintiff does not dispute that her state law claims against Elbert County fail as a matter of law. (Pl.'s Resp. 11.) "A county is not liable to suit for any cause of action unless made so by statute." O.C.G.A. § 36-1-4; *see also Williams v. Whitfield County*, 289 Ga. App. 301, 302, 656 S.E.2d 584, 586 (2008) ("The immunity, at least for counties, may only be waived by a legislative act which

specifically provides that sovereign immunity is waived and the extent of such waiver."); *Swan v. Johnson*, 219 Ga. App. 450, 452, 465 S.E.2d 684, 686 (1995) ("[C]ounties have not waived their sovereign immunity and will retain immunity until it is waived by an act of the General Assembly."). Plaintiff has pointed to no statute authorizing a cause of action against Elbert County.[2] Therefore, Elbert County is entitled to summary judgment as to Plaintiff's state law claims.[3]

## CONCLUSION

For the previous reasons, Defendants' Motion for Summary Judgment (Doc. 14) is granted in its entirety.

IT IS SO ORDERED, this 25th day of March, 2010.

                                            S/Clay D. Land
                                               CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 *et seq.*, specifically excludes tort suits against counties. *See Swan*, 219 Ga. App. at 452, 465 S.E.2d at 686-87.

[3] Because Plaintiff's § 1983 false arrest claim, as well as Plaintiff's state law claims, fail as a matter of law, Plaintiff's claim for punitive damages also fails as a matter of law.